UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA ANN IRVING, | ) |
|     Plaintiff | ) ) ) |
| v. | ) 2:10-cv-00367-MJK |
| CAMDEN, TOWN OF, et al., | ) ) ) |
|     Defendants | ) |

## MEMORANDUM OF DECISION[1]

Linda Irving has filed a motion asking this Court to set aside the judgment entered in this case. The motion is brought pursuant to Fed. R. Civ. P. 60(b)(3) and/or Rule 60(d)(3), alleging that fraud has been committed upon the court. Irving also requests that I recuse myself from further proceedings in this matter and that sanctions be imposed against the defendants' attorney for his misconduct. I now deny this motion in all respects and address Defendants' request for attorney fees in an order simultaneously entered on Defendants' motion for "prevailing party" fees in this Section 1983 case.

*The Motion for Recusal*

Irving cites 28 U.S.C. § 455(a) as the basis for her motion for recusal. This case was a civil rights action instituted by Irving, appearing pro se, against the Town of Camden, its police chief, and its town manager. The parties consented to proceed before me to final judgment. Following a somewhat contentious discovery period both parties filed motions for summary judgment. I granted Defendants' motion and denied Plaintiff's, directing that judgment be entered on behalf of the three defendants. Irving appealed to the First Circuit Court of Appeals,

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

which affirmed my judgment on February 7, 2012.  On March 7, 2012, defendants' attorney filed a motion for attorney fees expended to present a defense in this Court, based on Defendants' status as the prevailing party in the litigation.  While that motion was pending decision, Irving filed the current motion seeking my recusal and relief from the judgment.

Irving's motion for recusal appears to arise primarily because of her dissatisfaction with my legal analysis of her case:

> The Magistrate has failed to apply well-established legal doctrine, has relied almost entirely upon conclusory affidavits as evidence for the defendants, and has abused discretion in relevance determinations of evidence and testimony and in weighing the evidence on record.  The Magistrate has utilized her own misrepresentations and those of the defendants to reach a judgment that is void of a proper determination of genuine issues of material fact, where disputes clearly exist.

(Pl.'s Mot. for Relief at 15, ECF No. 56.)  I do not believe that anything in her allegations would require that I recuse myself under 28 U.S.C. § 455 and were I to do so it would be nothing more than acceding to the wishes of a disgruntled litigant.  Irving is not entitled to obtain my recusal simply because she disagrees with a disposition made in her case.  See In re United States, 441 F.3d 44, 67 (1st Cir. 2006) ("For our part, an appellate court has no wish to encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes.").

A judge may be disqualified if (a) her impartiality may reasonably be questioned or (b) she has a personal bias or prejudice concerning a party.  United States v. Kelly, 712 F.2d 884, 889 (1st Cir. 1983).  To require disqualification, any alleged bias or prejudice must be both "(1) personal, i.e., directed against a party, and (2) extrajudicial."  Id. (quoting United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979)).  "Facts learned by a judge while acting in [her] judicial capacity cannot serve as a basis for disqualification on account of personal bias."  Id. Whatever complaints Irving has about my legal acumen or my view of the facts of her case, her

motion does not suggest, nor could it so suggest, that any of my knowledge about this case arose from any extra judicial source or was grounded in any personal bias against Irving.  I do not personally know Irving and my knowledge concerning the facts of this case arises entirely from the voluminous statements of fact submitted in support of and opposition to the cross motions for summary judgment.  The issue is not whether Irving believes that my impartiality "might reasonably be questioned" under 28 U.S.C. § 455.  The question is whether a reasonable person would entertain doubts as to the judge's impartiality based upon the established facts.  Kelley, 712 F.2d at 890 (citing United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977)).  See also United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (noting that "there must be a factual basis for the claim that there appears to be a lack of impartiality") (citations omitted).  Merely losing the case does not give Irving that factual basis and I decline to recuse myself from further proceedings in this case.

*The Motion for Rule 60 Relief Based on Fraud*

Irving grounds her motion on both Rule 60(b)(3) and Rule 60(d)(3), the obvious difference being that motion under Rule 60(b)(3) necessarily implies fraud, misrepresentation, or misconduct by an *opposing party*, whereas a motion under Rule 60(b)(6) or Rule 60(d)(3) is interpreted more broadly to assert a "fraud on the court."  "Fraud on the court" has come to mean exceptional circumstances that justify extraordinary relief, such as bribing a judge.  United States v. 6 Fox Street, 480 F.3d 38, 47 (1st Cir. 2007).  According to the First Circuit's formulation of the "fraud on the court" concept, it involves the "the most egregious conduct involving corruption of the judicial process itself."  Roger Edwards, LLC v. Fiddes & Sons Ltd., 427 F.3d 129, 133 (1st Cir. 2005) (quoting Wright, Miller & Kane, Federal Practice and Procedure:  Civil 2d § 2870, at 418 (1995)).  Irving's allegations concerning my abuse of discretion in

3

misconstruing her claims and defendants' attorney's advocacy regarding factual assertions certainly does not rise to the level of a fraud upon the court.

Turning to the more mundane question of whether or not Irving has set forth allegations that would justify Rule 60(b)(3) relief from judgment based upon the opposing party's fraud or misrepresentation, I conclude that she has not done so. I note that Irving's motion is timely under the Rule because it was filed on May 11, 2012, and judgment entered on May 27, 2011, putting her within the one-year limitation that applies to motions brought pursuant to this provision. See Fed. R. Civ. P. 60(c) (providing that a motion under (b)(3) must be made no more than a year after the entry of judgment). Plaintiff's primary contention appears to be that the defendants' attorney misrepresented her legal claims in his memorandum in support of his request for summary judgment. (Pl.'s Mot. for Relief at 3-8.)

There is no question but that there was some initial confusion as to what legal theory Irving had advanced in support of her rather unique claim about the way the Town of Camden responded to her complaints about a possible burglary at her home. Defendants' attorney initially characterized it as a claim by Plaintiff that she had a constitutional right to have a police investigation of the incident at her Camden home performed in a particular manner. As the summary judgment briefing process proceeded, the sands shifted and I ultimately addressed First Amendment and equal protection claims raised by Irving, as did the Court of Appeals. Counsel's "misrepresentation" was not deliberate and did not result in any prejudice to Irving as she had abundant opportunity in this Court and in the appellate court to articulate her claims on her own terms. Plaintiff's current motion does not introduce any new facts or demonstrate anything other than that certain factual statements are disputed. My analysis (and the Court of

Appeals' analysis as well) was that even if all those factual disputes were resolved in Irving's favor, it would not affect the outcome of this litigation.

Part of Irving's apparent confusion arises from the fact that the case was resolved on cross-motions for summary judgment, and in determining whether to grant her motion, I had to view her facts in the light most favorable to the defendants, if properly disputed. Many of the facts she put forth were simply not relevant to the legal issues before me, in my opinion. As to the defendants' motion, all of their facts, if properly disputed, were viewed in the light most favorably to plaintiff as is required when making a summary judgment determination. There was no fraud in the process, even if Irving does not agree with the analysis or the result.

*Motion for Sanctions*

As the above discussion indicates, there is no basis for imposing sanctions on defendants' attorney and this request is denied.

*So ordered.*

June 13, 2012                             /s/ Margaret J. Kravchuk
                                          U.S. Magistrate Judge