UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA ANN IRVING, | ) |
|     Plaintiff | ) |
| v. | ) 2:10-cv-00367-MJK |
| CAMDEN, TOWN OF, et al., | ) |
|     Defendants | ) |

## MEMORANDUM OF DECISION[1]

Under 42 U.S.C. § 1988, attorney's fees are available to a defendant who prevails in a section 1983 claim brought by a plaintiff if the action is "groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam). In this case the Town of Camden, its former police chief, and its town manager have moved for such an award following Linda Irving's unsuccessful appeal of my decision granting summary judgment to the defendants. I now grant the motion and award to Defendants attorney's fees in the amount of $ 36990.00.

## Legal Standard

Section 1988 authorizes the court, in its discretion, to award a reasonable attorney's fee to the "prevailing party." Although this language invites an award for either a prevailing plaintiff or a prevailing defendant, in practical terms the award of attorney fees to prevailing defendants is hen's tooth rare. See Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). The title of § 1988, "proceedings in vindication of civil rights," makes it somewhat less than intuitive that a defendant might qualify, considering that no civil rights are necessarily

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to have United States Magistrate Judge Margaret J. Kravchuk conduct all proceedings in this case, including trial, and to order entry of judgment.

"vindicated" when a defendant prevails. Courts have recognized the irony in this by significantly raising the bar for prevailing defendants to recover fees:

> In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable.

Id. "Otherwise unreasonable" actions include vexatious suits "brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 n.2 (1983). In addition to the considerable hurdle of showing frivolity, defendants are also faced with the obstacle of demonstrating that they are actually the "prevailing" party. Buckhannon Bd. & Care Home v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 604 (2001) (concerning fee shifting provisions of the Americans with Disabilities Act and the Fair Housing Act Amendments).

"The fact that a plaintiff . . . ultimately loses [her] case is not in itself a sufficient justification for the assessment of fees." Hughes, 449 U.S. at 14 (1980). Even in cases that are summarily dismissed, a fee-shifting award for the prevailing defendant is not the usual course. "[E]ven if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit." Id. at 15. "An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Id.

Finally, in exercising its discretion regarding an award of attorney's fees, the Court should not be oblivious to the financial circumstances of the party against whom the fees are to be awarded. Casa Marie, 38 F.3d at 618 n.2. However, it is incumbent upon a party claiming a financial hardship to develop a record regarding her financial circumstances that would warrant the Court's consideration. Id.

2

**Background to the Motion**

The underlying facts of this case are largely undisputed. While Linda Irving was sailing with her husband off the coast of Namibia, her home in Camden, Maine, was burglarized. A neighbor named Sarah reported the burglary to the police. Irving suspected that Sarah's husband had something to do with the burglary and found the circumstances of the "first report" to be suspicious. When Irving returned to Camden a few weeks later she became actively involved in scrutinizing the criminal investigation, suggesting to the investigating officers lines of inquiry they should pursue. From the beginning Irving was dissatisfied with the way the investigators handled the case and ultimately she became dissatisfied with how the police chief and the town manager responded to her myriad complaints. The crux of her litigation appears to be that Camden lacks a coherent policy to address citizen complaints about police conduct and does not or has not fully complied with Maine statutes and recommended procedures. In addition, Irving was upset that the police revealed to the neighbors that they were conducting a supplemental interview with them based on Irving's suspicions. Ultimately two individuals, not the neighbors, were convicted of burglarizing Irving's home, but Irving remained dissatisfied with the entire process, primarily because of the department's and the Town's lack of enthusiasm about her criticism and complaints.

From this simple nucleus of undisputed operative facts[2] there emerged a four-count second amended complaint (ECF No. 20) alleging violations of the Fourteenth Amendment to the United States Constitution based upon a denial of Irving's right to equal protection under the law based on, essentially, an allegation of "selective enforcement" and of a "deprivation" related to her ability to complain to town officials about a police investigation. Irving's theory was that

---

[2] The fact that others were apprehended was not included in Irving's complaints, but came to the Court's attention in the context of reviewing the summary judgment record.

the police chief, the town manager, and the Town of Camden each failed to properly supervise those for whom they bore responsibility and failed to steer Irving's complaint through an official complaint process. All the while, of course, Irving's pleadings demonstrated that she was actively making her dissatisfaction known to everyone having oversight of the Camden Police Department. The case was finally resolved, in this Court, at the summary judgment stage, on cross-motions for summary judgment.

## Discussion

It is beyond dispute that Defendants are prevailing parties for purposes of 42 U.S.C. § 1988. The sole question for consideration is whether Irving's action qualifies as unfounded, frivolous, or vexatious. I am mindful of the fact that Irving is a pro se litigant and that she should not be expected to appreciate subtleties in federal constitutional and civil rights law. Nevertheless, despite my familiarity with Irving's allegations, including the evidence she introduced for summary judgment purposes that is not rehashed here, I am unable to articulate what reasonable basis Irving may have had to commence a civil rights suit against these particular Defendants. Irving succeeded, in effect, in making police and town personnel take extra measures based on the nature and intensity of her complaint activity. However, she was deeply dissatisfied with the resulting performance of police personnel, in particular because their interview/investigatory technique disclosed to neighbors that Irving suspected one of them of burglarizing her home.

Irving sought vindication in this Court based on allegations that Defendants had somehow deprived her somewhere along the way of some right guaranteed to her under the Fourteenth Amendment to the United States Constitution. If I could articulate what supposed civil right could have been vindicated by Irving's action—some remotely plausible justification

for her decision to bring her skirmish to the federal courthouse or even some harm or interest of constitutional dimension—I would deny the motion. However, I cannot do so and am persuaded, ultimately, that Irving's action has been vexatious in nature and that her decision to pursue civil rights litigation, viewed objectively, cannot be understood except in the context of an effort to harass or embarrass Defendants. This finding calls for a reasonable attorney's fee award.

Defendants have submitted billing invoices and an affidavit to support a fee-shifting award in the amount of $36,990.00. (Aff. of Edward Benjamin, Jr., ECF No. 53-1; Thompson & Bowie, LLP, Detail Time Submittal Report, ECF No. 53-2.) Most of the billings grow out of discovery and summary judgment practice, areas where Irving proved particularly demanding and vexatious in her approach to the case. Irving is articulate and apparently well read. If she seriously believed she had suffered a deprivation of constitutional magnitude at the hands of the Town of Camden, its police chief, and the town manager, she should have focused her efforts on explaining how she had possibly been harmed, in a constitutional sense, by their conduct. The entire tenor of this vexatious and harassing litigation has been focused on allegations pertaining to the alleged failure to supervise by the police chief, the town manager, and the Town of Camden. Failure to supervise is only a constitutional violation if there is some underlying conduct by a state actor that infringes basic constitutional rights. Policies of the Maine Criminal Justice Academy and Maine statutory provisions regarding how to file complaints against law enforcement do not become constitutional rights because they are written down and published on a website. Irving is smart enough to understand that basic fact.

Irving has made no showing that an imposition of an attorney's fee award would create a financial hardship for her. In fact, her only argument on the financial front is that neither the Town nor its officials have had to pay for this litigation because the Town of Camden is a

5

member of the Maine Municipal Association Property & Casualty Pool, a self-insured municipal risk pool of more than 400 towns and cities in the State of Maine.  (Mem. in Opposition to Mot. for Costs and Atty. Fees at 7-8, ECF No. 55.)   I am struck by the fact that the taxpayers of those more than 400 towns and cities in the State of Maine deserve better than being required to finance Irving's vexatious and harassing litigation.  Irving has not given me any facts that would support a discretionary finding that an award of fees would be a financial hardship on her and I see no reason why she should not be required to pay a reasonable award of fees.

## Conclusion

Defendant's motion for an award of fees is granted in the amount of $ 36,990.00.

*So Ordered.*
June 13, 2012                                           /s/ Margaret J. Kravchuk
                                                        U.S. Magistrate Judge