UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LINDA ANN IRVING, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 2:10-cv-00367-MJK |
| | ) |
| CAMDEN, TOWN OF, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION TO STAY**
**(ECF No. 67)**

Linda Irving moves this court for an order staying its money judgment regarding the payment of attorney's fees pending resolution of her appeal. Irving explains that the basis of her motion to stay execution of a federal money judgment is Rule 62(e) of the Maine Rules of Civil Procedure. (Reply at 2, ECF No. 70.) The Maine procedural rules are specific. A money judgment is automatically stayed by the taking of an appeal, without the requirement of a supersedeas bond or other security pending appeal. The federal rules are equally specific. A litigant is entitled to a fourteen-day automatic stay of a money judgment and, thereafter, to a stay *with* a bond on appeal. Fed. R. Civ. P. 62(a), (d). Irving has not filed a bond and is not entitled to a stay of the judgment absent some viable exception to the requirement that she post a supersedeas bond. After all, Irving chose to file her action in federal rather than in state court. Had she prevailed in her action, the Town of Camden would presumably have had to pay the judgment or post the supersedeas bond pending appeal.

The only basis for Irving to obtain relief in this court would be pursuant to Rule 62(f) of the Federal Rules, which provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same

1

stay of execution the state court would give." Fed. R. Civ. P. 62(f).  In dismissing Irving's motion to stay without prejudice, the Court of Appeals noted, "Rule 62(f), by its terms, applies only when the 'judgment is a lien on the judgment debtor's property' under state law," and expressed no view whether Rule 62(f) would apply.  (Order of USCA, ECF No. 68.)  The First Circuit has never ruled on the question of whether a Maine judgment is a lien on the debtor's property within the meaning of Rule 62(f).

This court has confronted that issue on at least two occasions.  In Johnson v. Spencer Press of Maine, Inc., 2:02-cv-00073-DBH, Magistrate Judge Cohen ruled that Rule 62(f) did not apply in Maine, because additional steps are required of a judgment creditor beyond simply obtaining a favorable judgment in order to generate a lien on the property of the judgment debtor under Maine law.  2003 U.S. Dist. LEXIS 13437, 2003 WL 21788860 (D. Me. Aug. 4, 2003).  Under Maine law, it is the filing of an attested copy of the execution (rather than the judgment itself) that operates to create a lien with a meaningful priority on a judgment debtor's real or personal property.  Id. (citing 14 M.R.S. § 4651-A(1), (2) & (6)).  Relying on the First Circuit's analysis of a similar procedure under Puerto Rico law, Magistrate Judge Cohen concluded that a Maine judgment creditor's burden of obtaining and filing an execution to create a lien reflects that a judgment is not itself a lien for purposes of Rule 62(f).  Id.;  see also Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002) (per curiam) ("Since, under Puerto Rico law, a judgment becomes a lien upon property only after the judgment creditor applies to the court and the court issues a writ of attachment, . . . Rule 62(f) does not appear to apply.") (citing Aldasoro v. Kennerson, 915 F. Supp. 188, 190-91 (S.D. Cal. 1995), and Marandino v. D'Elia, 151 F.R.D. 227, 228 (D. Conn. 1993), with approval).  Based on that reading of Maine law, the district court

2

affirmed the magistrate judge's ruling that the judgment debtor was not entitled to a stay pursuant to Rule 62(f).[1]

Although the First Circuit has not yet ruled on the relationship between Maine law and Rule 62(f), it has provided some guidance in Rodriguez-Vazquez v. Lopez-Martinez, 345 F.3d 13 (1st Cir. 2003). In this opinion, the First Circuit again considered Puerto Rico law and refined its prior holding in Acevedo-Garcia on the ground that the reasoning in Acevedo-Garcia "rested on a mistaken premise" by looking to the wrong source of Puerto Rico law for turning judgments into liens. Id. at 13. The Court nevertheless reached the same conclusion, that Rule 62(f) does not apply in Puerto Rico, but this time based on the premise that a judgment-creditor must pay "a very large fee for registration of the judgment." Id. at 14. Where this leaves Johnson v. Spencer Press is uncertain because Johnson relied on Acevedo-Garcia and the reasoning of Acevedo-Garcia has been withdrawn. In fact, language in Rodriguez-Vazquez may well call Johnson into question. See id. ("Our own inclination is to think that where a lien can be procured by minor ministerial acts, this minor burden on the judgment-creditor should not preclude a stay under Rule 62(f).").

One relevant Maine statute provides as follows:

Following the entry of judgment in a civil action and prior to the issuance of a writ of execution upon the judgment, any interest in real or personal property, which is not exempt from attachment and execution, may be attached by the plaintiff by the filing in the registry of deeds for the county in which the property is located, with respect to real property, or in the office of the Secretary of State, with respect to property of a type a security interest in which may be perfected by a filing in such office under Title 11, Article 9-A, of an attested copy of the court

---

[1] In contrast to Magistrate Judge Cohen, I reached the opposite conclusion in an earlier case and determined that under Maine law an automatic stay would be appropriate. Cote Corp v. Thom's Transport Co., 2:99-cv-00169-MJK, 2000 WL 1224757, 2000 U.S. Dist. Lexis 12563 (D. Me. Aug. 24, 2000). My decision was made in a consent case and, although the underlying judgment was appealed, my ruling on the issue of the automatic stay was never discussed, adopted, or affirmed. Cote Corp v. Thom's Transport Co., 229 F.3d 1133 (Table) (1st Cir. 2000) (per curiam).

3

>order awarding judgment. Fees for the recording of the order must be as
>otherwise provided for similar documents.

14 M.R.S. § 4151. Thus, pursuant to Maine law a judgment can be used in some fashion by filing an attested copy in the registry of deeds for real property or with the Secretary of State with respect to personal property. Whether that requires more than a ministerial act on the part of the judgment-creditor is an issue not addressed in Irving's current pleadings. Nor do her pleadings address whether the filing of the judgment as contemplated by section 4151 creates a lien with any priority as to subsequent filings. Nor do her papers address the size or nature of the fee required. Nor is the interplay of section 4151 with 14 M.R.S. § 4651-A (addressing the procedure for converting an *execution* into a lien on real or personal property) discussed in her pleadings.

I see no reason why I should try to resolve this knotty issue in the context of the current motion to stay, filed more than eight months after the judgment in question issued and more than three weeks after the clerk issued an execution to the judgment creditor. As a practical matter the only asset identified within the State of Maine is real estate and that real property is currently subject to litigation in the pending state court case by the judgment creditor alleging a fraudulent conveyance. The judgment creditor has obtained an execution from the clerk, presumably because it intends to act on the execution in some other jurisdiction. That action was in accord with the normal procedure followed in this District, at least since the Johnson v. Spencer Press decision in 2003. On the limited record presented to me, I see no reason to change local practice and deny the motion to stay issuance of the execution, which execution has already issued in any event.

*So Ordered.*
March 26, 2013              /s/ Margaret J. Kravchuk
                            U.S. Magistrate Judge

4